RG 3119884 - 3119886 / LS2

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **GEICO ADVANTAGE INSURANCE CO A/S/O ALICIA TAPP** | § § § | |
| **Plaintiff,** | § | **Case No. 1:22-cv-460** |
| **v.** | § § | |
| **UNITED STATES OF AMERICA** | § § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an auto collision case for damages to a vehicle insured by **GEICO Advantage Insurance Company** (hereinafter, "Plaintiff") against the **United States of America** (hereinafter, "Defendant").

## PARTIES

1.  Plaintiff GEICO ADVANTAGE INSURANCE CO is a Maryland corporation with its principal place of business in Chevy Chase, Maryland. At all time relevant to this loss was authorized to transact business within the State of Texas.

2.  At all times relevant Plaintiff insured Alicia Tapp and her vehicle.

3.  Defendant United States of America has appointed Ashley C Hoff, US Attorney, at 903 San Jacinto Blvd, Ste 334, Austin, TX, as its registered agent for service of process in the Western District of Texas.

## JURISDICTION AND VENUE

4.  This Civil Action arises under the Federal Tort Claims Act 28 U.S.C. §1346, since it arises from the conduct of Defendant's employee, agent, contractor and/or representative ("Defendant's Agent") who was acting in the course and scope of their employment/agency when they caused the losses complained of herein.

5.      This Court has personal jurisdiction over Defendant because it hired its employees, including those employed at the Department of Homeland Security, to conduct business on its behalf in Texas and, specifically, in the Western District of Texas.

6.      Defendant has established minimum contacts with the forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice by deriving substantial revenue from the sale and use of products and services, including the services at issue in this matter, within this District; expecting or being in a position to reasonably expect its actions to have consequences within this District; and regularly doing business, soliciting business, engaging in other persistent acts of conduct, and deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

7.      Venue is proper in this District, under 28 U.S.C. §1391, because the automobile accident from which this Civil Action arises occurred in Bexar County, Texas and the damaged vehicle that is the subject of this action is/was primarily situated in Bexar County, Texas.

**COUNT ONE**

8.      On or about September 4, 2019, on Tounsand Oaks Drive at Witmore in San Antonio, Texas, the vehicle owned, leased, rented, and/or maintained by Plaintiff's insured, Alicia Tapp ("Tapp"), was damaged when Defendant's Agent negligently read-ended Tapp's vehicle, pushing Tapp's vehicle into another vehicle, while Defendant's Agent was under the supervision, control, and/or direction of Defendant, which proximately caused the collision and the damages complained of herein.

9.      The damages to Tapp's vehicle caused a loss of use and fair market value of **$6,951.80** or alternatively cost the same sum to repair.

10.     Furthermore, the occupant(s) of Tapp's vehicle were injured, requiring medical care and treatment in the total amount of **$15,000.00**.

11.     At the time of loss, Tapp and her vehicle were covered under an insurance policy issued by Plaintiff.

12.     Immediately after the incident complained of herein, and after receiving proof of loss, Plaintiff compensated Tapp for the loss, thereby becoming subrogated to rights and claims in this action.

**COUNT TWO**

13.     Plaintiff restates the foregoing allegations, incorporates the same by reference herein, and further states:

14.     Plaintiff would show that Defendant owed a duty to others present on public roadways, including Tapp, to exercise ordinary care in the hiring of competent

employees to operate US owned vehicles on public roadways, and in the supervision and management of its employees.

15.     Plaintiff would further show that Defendant failed to use ordinary care in these respects, including but not limited to failing to properly investigate potential job applicants, failing to properly supervise its personnel, failing to implement adequate safeguards to prevent the situation that resulted in Plaintiff and Tapp's damages, and failing to provide adequate oversight for such employees.

16.     These conditions created an environment in which negligent operation of US owned vehicles was reasonably foreseeable to occur, and which in fact did occur in the collision involving Tapp described hereinabove, which proximately caused the damages sustained by Plaintiff and Tapp herein, and for which Plaintiff hereby sues.

## COUNT THREE

17.     Plaintiff restates the foregoing allegations, incorporates the same by reference herein, and further states:

18.     At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by Defendant's Agent occurred within the scope of the actual or apparent authority of Defendant's Agent on behalf of Defendant.

19.     Defendant is therefore liable to Plaintiff for the acts and/or omissions of Defendant's Agent complained of herein by virtue of such agency relationship.

## COUNT FOUR

20.     Plaintiff restates the foregoing allegations, incorporates the same by reference herein, and further states:

21.     At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of Defendant's Agent, occurred within the scope of the general authority and for the accomplishment of the objectives for which Defendant's Agent was employed.

22.     Defendant is therefore liable to Plaintiff for the acts and/or omissions of Defendant's Agent complained of herein under the doctrine of respondent superior.

## COUNT FIVE

23.     Plaintiff restates the foregoing allegations, incorporates the same by reference herein, and further states:

24.     On or about March 18, 2021, Plaintiff presented a Standard Form 95 claim for damages to Defendant pursuant to Federal Tort Claims Act 28 U.S.C. §2675.

25.     Defendant sent its written denial of the claim to Plaintiff on November 16, 2021.

26.     Plaintiff, pursuant to its subrogation rights, seeks the sum of **$21,951.80** from Defendants.

WHEREFORE, Plaintiff requests judgment against Defendant, in the amount of **$21,951.80** with prejudgment and post judgment interest, costs of suit, and such other relief to which Plaintiff is entitled.

Respectfully submitted,
**Rathbone Group, LLC**
**/s/ Jessica Lobes**

_____

Jessica R. Lobes / SBN 24083405
5930 Royal Lane, Ste E #515
Dallas, TX 75230-3896
800-870-5521
216-298-4495 [fax]
JLobes@Rathbonegroup.com
*Attorney for Plaintiff*